## MATTICE v. SCUTT.

(Supreme Court, Appellate Division, Third Department.   May 11, 1904.)

1. ASSAULT AND BATTERY — TAKING POSSESSION OF PROPERTY — EXCESSIVE FORCE—QUESTION FOR JURY.

> In an action for an assault and battery alleged to have been committed by defendant in taking possession of property belonging to him, the evidence *held* not sufficient to raise a question for the jury as to the use of excessive force.

> Smith, J., dissenting.

Appeal from Special Term, Albany County.

Action by Elizabeth Mattice against Aaron B. Scutt.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

G. M. Palmer, for appellant.

Frank H. Short (Eugene D. Flanigan, of counsel), for respondent.

PER CURIAM.   The judgment of which defendant complains is for damages for an alleged assault claimed to have been committed by the defendant upon the plaintiff upon the 11th day of January, 1900.   The plaintiff was a tenant upon the defendant's farm under an agreement by which each was to have half the produce.   The agreement further provided that all the products of the farm were—

"To be divided on the farm by half bushel in mow or by weight in the presence of the respective parties or their agents at any time the same is ready for market, and whenever said Scutt may demand said division."

Again it is provided:

"Said Scutt is to have the privilege of going on said farm at any time he may desire to overlook and oversee the same, and make any repairs about fences or buildings, and to look after his share of the produce and attend to his personal interests."

Upon the morning in question the plaintiff's husband had, with her consent, taken away 30 bushels of mixed oats and barley, part of the products of said farm which had not been divided according to agreement.   The defendant came to the farm and demanded his share of the grain, and took from the farm a number of bags of grain, which he claimed to be a part of his share of the products of the farm.   This grain was taken against the protest of the plaintiff, who insisted that the defendant should wait until the plaintiff's husband returned, which defendant declined to do.   The defendant resided upwards of 14 miles from the place, and insisted upon a division at that time.   After the defendant had removed a portion of the grain, the plaintiff assaulted the defendant, scratched him, raised a pitchfork with which to strike him, and seated herself upon some of the bags of grain which he was removing.   The defendant took the pitchfork from her, and, taking her by the wrists, removed her from the bags which he was about to take, and held her while the defendant's assistants put the bags in the wagon.   In removing

her from these bags and holding her, plaintiff claims that the defendant committed the assault for which a recovery has here been had. The learned trial judge charged the jury that the defendant at that time had the right to take his one-half of the grain, and submitted to the jury whether he took more than one-half thereof; charging that, if he did, the plaintiff had the right, by force, to protect her property. He further charged that, even if he did not take more than one-half of the grain, the defendant had the right to use only so much force as was necessary in order to take possession of the property that was his, and if, in so doing, he used any greater force than was necessary, he was liable to the plaintiff for such excess of force. The defendant had theretofore moved for a nonsuit upon the ground that the plaintiff committed the assault, and that "it cannot be claimed the defendant did any more than a person rightfully upon property would do to protect themselves from assault." After the verdict rendered, the defendant's counsel made a motion for a new trial, under section 999 of the Code, which motion was denied.

Upon the evidence as to the amount of grain threshed, and as to the amount taken, it is difficult to see how the jury could conclude that the defendant, at the time of the claimed assault, took more than his share. This leaves out of question the buckwheat which had been taken upon a previous trip. Assuming, for the argument, however, that this question was properly submitted to the jury, we are of opinion that the submission to the jury of the question of excess of force claimed to have been used by the defendant was unwarranted. This affray was started by the plaintiff after having sent to an attorney for advice. She first assaulted the defendant by scratching him until she drew blood upon his face. She next assaulted him with a pitchfork, and then seated herself upon the bags of grain, from which she must be removed by force in order that the defendant might get what was lawfully his. The defendant at no time struck her, and at no time laid hands upon her person, except in his effort to get his share of the grain. A woman thus commencing an affray renounces the privilege of her sex, and has little right to expect to be handled with gloves. While she was, to an extent, bruised, there is nothing in the evidence to indicate that she was taken from off the bags of grain without resistance, and not the slightest evidence to show that any more force was used by the defendant than was necessary in procuring what he claimed was his share of the grain. All of the evidence tends to show an endeavor upon his part to avoid anything that might provoke a lawsuit, and upon her part an endeavor to provoke an assault which might be made the basis of a legal action. We are therefore of opinion that the jury was improperly allowed to say that the defendant, in the exercise of his rights to take his own property, used excessive force, and for this error a new trial must be ordered.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.

SMITH, J., dissenting.